**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| THOMAS NELSON, | ) Case No.  |
| Plaintiff, | ) <br> ) <br> ) |
| v. | ) **COMPLAINT FOR** <br> ) **VIOLATIONS OF THE** <br> ) **FEDERAL SECURITIES LAWS** |
| TESSCO TECHNOLOGIES INCORPORATED, TIMOTHY BRYAN, MATTHEW W. BREWER, STEVEN T. CAMPBELL, STEPHANIE DISMORE, VERNON IRVIN, KATHLEEN MCLEAN, and SANDIP MUKERJEE, | ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

Plaintiff Thomas Nelson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against TESSCO Technologies Incorporated ("Tessco" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by funds affiliated with Lee Equity Partners LLC ("Lee Equity Partners") and Twin Point Capital LLC ("Twin Point Capital"), which together own Alliance Corporation ("Alliance") and GetWireless, LLC

("GetWireless").[1]

2. On April 11, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Alliance USAcqCo 2, Inc. ("Parent") and Parent's wholly owned subsidiary Alliance USAcqCo 2 Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement").[2] The Merger Agreement provides that Company stockholders will receive $9.00 per share of Tessco common stock in connection with the Proposed Transaction. Upon completion of the Proposed Transaction, Tessco will partner with Alliance and GetWireless.

3. The Company's corporate directors subsequently authorized the June 8, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

[2] Parent is indirectly owned by certain funds affiliated with Lee Equity Partners and Twin Point Capital.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for July 13, 2023.

Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Tessco common stock.

10. Defendant Tessco is a Delaware corporation with its principal executive offices located at 11126 McCormick Road, Hunt Valley, Maryland 21031. Tessco's shares trade on the Nasdaq Global Select Market under the ticker symbol "TESS." Tessco is a value-added technology distributor, manufacturer, and solutions provider serving customers in the wireless

infrastructure market. Tessco supplies over 50,000 products from more than three hundred of the industry's top manufacturers in mobile communications, Wi-Fi, Internet of Things, 5G, wireless backhaul, and more. The Company operates in two segments: Carrier, which is comprised of customers generally responsible for building and maintaining the infrastructure system and provide airtime service to individual subscribers; and Commercial, which includes value-added resellers, the government channel and private system operator markets. Sales to the Carrier segment accounted for approximately 42% of the Company's fiscal year 2023 revenues, and sales to the Commercial segment accounted for 58% of fiscal year 2023 revenues.

11. Defendant Timothy Bryan has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Matthew W. Brewer has been a director of the Company at all relevant times.

13. Defendant Steven T. Campbell has been a director of the Company at all relevant times.

14. Defendant Stephanie Dismore has been a director of the Company at all relevant times.

15. Defendant Vernon Irvin has been a director of the Company at all relevant times.

16. Defendant Kathleen McLean has been a director of the Company at all relevant times.

17. Defendant Sandip Mukerjee has been President, Chief Executive Officer, and a director of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On April 12, 2023, the Company announced in relevant part:

HUNT VALLEY, MD, April 12, 2023, - TESSCO TECHNOLOGIES INCORPORATED (NASDAQ: TESS), ("Tessco" or the "Company"), today announced that the Company has entered into a definitive merger agreement with entities affiliated with Lee Equity Partners and Twin Point Capital, which also own Alliance Corporation ("Alliance"), a value-added distributor of equipment for the wireless industry, and GetWireless, LLC ("GetWireless"), a value-added distributor of cellular solutions that connect the Internet of Things (IoT). Under the terms of the merger agreement, all outstanding shares of Company common stock will be acquired for $9.00 in cash, resulting in a Company enterprise value of approximately $161.4 million.

The merger, which has been unanimously approved by Tessco's board of directors, reflects a premium of approximately 91% to the closing price of the last trading day prior to the date of this announcement and a premium of approximately 97% to Tessco's 30-day volume-weighted average stock price as of April 11, 2023.

The merger is expected to close in the third calendar quarter of 2023, subject to the approval of Tessco's shareholders and the satisfaction of customary closing conditions.

Following the closing of the transaction, Tessco will maintain its facilities in Hunt Valley and Timonium, Maryland and in Reno, Nevada, as well as broaden its facility footprint, product offering, and value-added capabilities by partnering with Alliance and GetWireless to create a leading value-added telecommunications distributor in North America.

"This deal is a win for Tessco shareholders and our customers," said Sandip Mukerjee, Tessco's President, and Chief Executive Officer. "The transaction price and premium reflect the success of our considerable turnaround efforts over the past three years, as well as Tessco's current growth trajectory. Moreover, our customers will benefit from a greater breadth of products and service options as we team with two companies that are true leaders in serving the wireless industry, and that share our commitment to innovation and customer service."

"We are excited about the prospects for partnering with Tessco, given its first-rate management team, technical competency, strong supplier relationships, and fantastic partnerships in the carrier and value-added reseller and integrator

markets," said Ron Moss, CEO of Alliance. "We look forward to continuing to serve the growing and increasingly complex needs of the wireless telecommunications industry and providing our customers with a comprehensive portfolio of the highest quality products and services."

William Blair & Company L.L.C. is serving as Tessco's exclusive financial advisor, and Ballard Spahr LLP is acting as the Company's legal counsel. Weil, Gotshal & Manges LLP, DLA, and Harter Secrest & Emery LLP are serving as legal counsel to Lee Equity Partners and Twin Point Capital.

**The Materially Incomplete and Misleading Proxy Statement**

20. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on June 8, 2023  The Proxy Statement, which recommends that Tessco stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisor William Blair & Company, L.L.C. ("William Blair"); (c) the background of the Proposed Transaction; and (d) William Blair's potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning Tessco's Financial Forecasts*

21. The Proxy Statement fails to disclose material information concerning Tessco's financial forecasts, including the line items underlying the Company's Adjusted EBITDA.

*Material Misrepresentations and/or Omissions Concerning William Blair's Financial Analyses*

22. The Proxy Statement fails to disclose material information concerning William Blair's financial analyses.

23. With respect to William Blair's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (a) the Company's LTM EBITDA; (b) the

6

terminal values for Tessco; (c) the inputs and assumptions underlying the discount rates ranging from 13.0% to 15.0%; (d) the Company's estimated net debt as of February 28, 2023; and (e) the Company's shares outstanding as of February 23, 2023.

24. With respect to William Blair's *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies and transactions analyzed, respectively.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

25. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

26. Specifically, with respect to Company B's April 19, 2023 indication of interest to acquire the Company for $10.50 in cash, the Proxy Statement fails to disclose: (a) a summary of the Board's deliberations with respect to the proposal, including Tessco's response to the proposal; and (b) Company B's basis for notifying Tessco it would not pursue a transaction with the Company.

*Material Misrepresentations and/or Omissions Concerning William Blair's Potential Conflicts of Interest*

27. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by William Blair, including whether the financial advisor has performed any services for Tessco, Lee Equity Partners, Twin Point Capital, Lakeview Trading & Investment Group LLC, which owns approximately 14.4% of the Company's outstanding shares, or any of their affiliates, in the two years preceding the date of its fairness opinion,

including the details of the services provided and any fees received in connection with such services.

28. The omission of the above-referenced information renders statements in the "Certain Projected Financial Information," "Opinion of Our Financial Advisor" and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

29. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tessco**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Tessco is liable as the issuer of these statements.

32. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual

Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Tessco within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Tessco and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: June 13, 2023         **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*

11